## R. & D. G. Mills v. J. C. Stuhl.

It was error to render judgment by default on a promissory note upon which unliquidated credits were indorsed, without the intervention of a jury; and it is immaterial that the plaintiff claimed that the note was not entitled to such credits, as that fact should have been proved to the satisfaction of a jury.

Error from Wharton. Tried below before the Hon. T. C. Barden.

This suit was instituted upon a promissory note executed by M. S. Stith, R. Mills, and D. G. Mills, to J. N. Dennis and J. D. Whitten, and indorsed by Dennis and Whitten to the plaintiff.

Among other credits indorsed on the note, appeared the following indorsement of credit:

"The above note is to be credited with the amount of the "rent of the lower Clark or Headley place, as per agreement, "for the year 1867.

         "Dennis & Whitten.

"Wharton, December 28th, 1866."

The defendants were cited to appear and defend the case, but failed to answer, whereupon the plaintiff was awarded judgment-final by default, and his damages assessed by the clerk without the intervention of a jury.

Defendants subsequently appeared and sought to file their answer, and have the judgment by default set aside, for the reason that the demand, being unliquidated, should have been submitted to a jury. Their motion to set aside the judgment by default and for a new trial, was overruled; from which rulings the defendants prosecute this writ of error.

*E. M. Pease*, for plaintiffs in error.

*George Quinan*, for defendant in error.

OGDEN, J.   There was error in this cause in rendering judgment by default, without the intervention of a jury; and the motion to set aside the judgment and grant a new trial should have been sustained.

The note sued on, by its indorsements showed that the demand was not liquidated.  The indorsement states that the note is entitled to a credit for rent of a certain farm, and the amount thus to be credited should have been proven; and if so, then a jury should have been empaneled.  It may be true, as counsel claim, that there was no rent due, but we think, if that be so, it should have been proven to the satisfaction of a jury.

The judgment is reversed and the cause remanded. ·

Reversed and remanded.